**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MONTORIO C. HINES,** | ) | |
| No. k57156, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-00529--MJR** |
| | ) | |
| **ILLINOIS DEPT. OF CORRECTIONS,** | ) | |
| **S.A. GODINEZ,** | ) | |
| **RICK SUTTON,** | ) | |
| **TERRI BRYANT,** | ) | |
| **CFSS HARRIS,** | ) | |
| **CFSS SNYDER,  and** | ) | |
| **CFSS REIMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Montorio C. Hines, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, because he was not given a Halal diet consistent with their religious beliefs, and he has been retaliated for filing grievances regarding his complaints.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] Plaintiff also contends all Muslim inmates within the Illinois Department of Corrections are denied a Halal diet.  Because no motion for class certification has been filed and Plaintiff can only represent himself, the complaint is construed as asserting claims only relative to Plaintiff Hines.

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff Hines submitted a request for a Halal diet to Chaplain Rick Sutton in March 2011. Chaplain Sutton, in concert with Dietary Supervisor Terri Bryant, placed Plaintiff on a lacto-ovo diet. Plaintiff contends that a lacto-ovo diet, or a vegetarian or vegan diet, is not necessarily Halal. According to the complaint, a Halal diet requires that Allah's name be spoken over all food, and prescribes certain cross-contamination rules.

After Plaintiff filed a grievance regarding his diet, CFSS Harris served Plaintiff turkey chili from the general population menu—non-Halal food. Plaintiff filed a grievance regarding this incident, laying blame upon Dietary Supervisor Bryant, who prepared the diet plan. Plaintiff also faulted CFSS Harris and CFSS Snyder, who were working on the food line when the chili

was served.  In response, Plaintiff was told that a mistake had been made and the inmate in charge of food preparation had been re-trained (*see* Doc. 1, pp. 36-37).

According to Plaintiff, Dietary Supervisor Bryant placed an "embargo" on the Muslim inmates that lasted for most of 2012.  In addition to being forced to eat non-Halal food, the diet authorized by Bryant caused Plaintiff to lose 12-15 pounds because it was nutritionally inadequate and/or unsanitary.  Furthermore, the diet contains large amounts of soy, which have caused Plaintiff unspecified "serious health problems," and driven him to eat non-Halal food just to maintain his health.  CFSS Reiman, constrained by the diet plan authorized by Dietary Supervisor Bryant, refused to allow Plaintiff to eat items served to the general inmate population

Plaintiff asserts that the Illinois Department of Corrections' "embargo" and/or lacto-ovo diet is designed to deter Muslims from practicing their religion.  He also characterizes the attempt to pass-off a lacto-ovo diet as Halal as criminal fraud in violation of the Halal Food Act, 410 ILCS 637/1 *et seq*.  From Plaintiff's perspective, Muslim's dietary requirements are not accommodated in the same manner as those of Christians and Jews.

It is alleged that the denial of a Halal diet violates Plaintiff's rights under the Free Exercise and Establishment Clauses of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS 35/1 *et seq.*, the Equal Protection Clause of the Fourteenth Amendment—all amounting to cruel and unusual punishment in violation of the Eighth Amendment.  In addition, the retaliatory acts are asserted as independent First Amendment violations.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.[2]

---

[2] Plaintiff requests a "temporary-preliminary-mandatory injunction." Plaintiff has not clearly stated that at this time he is facing irreparable harm, or otherwise suggested that a temporary

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: The IDOC and Defendants Godinez, Sutton, Bryant, Harris, Snyder and Reiman failed to serve Plaintiff a Halal diet in violation of the Free Exercise and Establishment Clauses of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS 35/1 *et seq.*, the Equal Protection Clause of the Fourteenth Amendment; and the Eighth Amendment;**

> **Count 2: When Plaintiff was served non-Halal turkey chili in November 2011, Defendants Bryant, Harris and Snyder retaliated against Plaintiff for having filed grievances, in violation of the First Amendment.**

No fraud claim has been recognized relative to the violation of the Halal Food Act, 410 ILCS 637/1 *et seq.* Any criminal violation would have to be prosecuted by the State in a criminal case. The Court construes the reference to the Halal Food Act as merely an indication of knowledge on the part of the Defendants. Plaintiff should consider any such intended claim as being dismissed without prejudice.

<u>**Discussion**</u>

<u>**Count 1**</u>

<u>**First Amendment**</u>

The First Amendment "prohibits government from making a law 'prohibiting the free exercise [of religion].' " *Cruz v. Beto,* 405 U.S. 319, 322 (1972) (alteration in the original). The

---

restraining order is warranted under Federal Rule of Civil Procedure 65(b). Therefore, the complaint is not construed as including a motion for temporary restraining order. The Court notes in particular that Plaintiff describes the "embargo" as only lasting through the better part of 2012, and it is now mid-2014.

Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. *See, e.g., O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987); *Pell v. Procunier,* 417 U.S. 817, 822 (1974).

In order to state a claim under the Free Exercise Clause of the First Amendment, a plaintiff must allege facts to plausibly suggest that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry,* 419 F.3d 678, 683 (7th Cir. 2005). "A government policy or practice violates the Establishment Clause if (1) it has no secular purpose, (2) its primary effect advances or inhibits religion, or (3) it fosters an excessive entanglement with religion. *Id*. *See also Nelson v. Miller,* 570 F.3d 868, 881 (7th Cir. 2009). The complaint states colorable Free Exercise and Establishment Clause claims against the Defendants, so those aspects of Count 1 shall proceed.

### RLUIPA

The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.,* prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless that burden: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a)(1)-(2). However, "[u]nlike cases arising under the Free Exercise Clause of the First Amendment, this prohibition applies even where the burden on the prisoner 'results from a rule of general applicability.' " *Koger v. Bryan,* 523 F.3d 789, 796 (7th Cir.2008) (quoting42 U.S.C. § 2000cc–1 (a)). Although Plaintiff has generally stated a colorable RLUIPA claim, RLUIPA does not authorize a suit for money damages against individuals in their individual capacities. *Grayson v. Schuler,* 666 F.3d 450, 451 (7th Cir. 2012); *Maddox v. Love,* 655 F.3d 709, 717 (7th Cir. 2011). Therefore, the RLUIPA claim in

Count 1 against the Defendants in their individual capacities shall be dismissed with prejudice. The official capacity RLUIPA claims shall proceed.

**IRFRA**

The Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS 35/1 *et seq.,* creates a right of action "against a government," 775 ILCS 35/20, and imposes a duty to "not substantially burden a person's exercise of religion." 775 ILCS 35/15. *See, e.g., St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 622 (7th Cir. 2007), *cert. denied,* 533 U.S. 1032 (2008) ("The IRFRA provides generally that the 'government may not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, unless it demonstrates that application of the burden to the person" is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest."). The term "government" is defined broadly—it includes "a branch, department, agency, instrumentality, and official (or other person acting under color of law)." 775 ILCS 35/5. Consequently, IRFRA claims against state employees are in effect actions against the state, since the individuals' duties to a plaintiff arise solely from their employment with the state.

The Illinois Court of Claims, not this federal court, has "exclusive jurisdiction over an IRFRA claim. *See* 705 ILCS 505/8(a); *see also Nelson v. Miller,* 570 F.3d 868, 885 (7th Cir. 2009). Therefore, the IRFRA claims against Defendants in their official and individual capacities will be dismissed without prejudice.

**Fourteenth Amendment**

The Equal Protection Clause of the Fourteenth Amendment requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432,

439 (1985).   However, all prisoners do not have to receive identical treatment and resources. *See Cruz*, 405 U.S. at 322 n. 2.   As a general matter, a "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.' " *Merriweather v. Faulkner*, 821 F.2d 408, 415 n. 7 (7th Cir. 1987).   Meaning that a particular group was singled out for disparate treatment. *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996).   Plaintiff has stated a colorable Equal Protection claim regarding how his Halal dietary requirements were treated in comparison to how the dietary requirements of Christians and Jews were accommodated. Therefore, the Fourteenth Amendment aspect of Count 1 shall proceed.

**Eighth Amendment**

The complaint generally alleges that the denial of a Halal diet constitutes cruel and unusual punishment, which is forbidden under the Eighth Amendment.

An Eighth Amendment claim would be duplicative of Plaintiff's First and Fourteenth Amendment claims, so the Eighth Amendment claim in that respect will be dismissed without prejudice. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir.2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels.").

Insofar as Plaintiff alleges weight loss and other health problems due to the inadequacy of the diet he was served, his Eighth Amendment claim can arguably be distinguished from his First and Fourteenth Amendment claims.   The Eighth Amendment claim, therefore, shall be allowed to proceed in that limited respect.

**Defendants IDOC and S.A. Godinez**

The complaint is not entirely clear regarding whether IDOC policies are at issue, so the IDOC shall remain as a defendant, at least for the time being.  No personal involvement on the part of IDOC Director S.A. Godinez is alleged, so S.A. Godinez is considered a defendant only in his official capacity.

## Count 2

To establish a *prima facie* case of First Amendment retaliation, a plaintiff must demonstrate (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action. *Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir.2008).  As a general matter, a non-frivolous grievance falls within the ambit of the First Amendment protection. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir.2012).

According to the complaint, Plaintiff filed a grievance against Dietary Supervisor Bryant on October 30, 2011, and on November 5, 2011, CFSS Harris and CFSS Snyder, who were working the food line and who were aware of "the problem," served Plaintiff non-Halal turkey chili (Doc. 1, pp. 12-13).  It is alleged that "Defendant's [sic] Bryant's actions of retaliation through CFSS Harris and Snyder violates Plaintiff's right to petition and redress the government with a grievance…." (Doc. 1, p. 13).  Assuming that this weak causal chain or conspiracy of sorts is sufficient to state a claim, the claim is clearly made outside the applicable statute of limitations period.

The statute of limitations is usually an affirmative defense.  *Jones v. Bock*, 549 U.S. 199, 211-212, 215 (2007); *see also Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004).  However,

dismissal by the Court *sua sponte* at this early juncture is warranted when the complaint reveals an airtight defense. *See Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012); *Logan v. Wilkins,* 644 F.3d 577, 582 (7th Cir. 2011). The applicable statute of limitations for a Section 1983 constitutional tort claim arising in Illinois is two years. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). As a general matter, a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused. *Clay v. Kuhl,* 727 N.E.2d 217, 220 (Ill. 2000). Because this isolated incident of retaliation (unlike a possible continuing course of conduct regarding the provision of a Halal diet) was known to Plaintiff on November 5, 2011—two and a half years before this action was filed—the claim shall be dismissed with prejudice. Nevertheless, Defendants Bryant, Harris and Snyder remain as defendants to Count 1.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, relative to **COUNT 1**:

- The RLUIPA claim in Count 1 against the Defendants in their individual capacities are **DISMISSED** with prejudice; the official capacity RLUIPA claims shall proceed.

- The IRFRA claims against Defendants in their official and individual capacities are **DISMISSED** without prejudice.

- Eighth Amendment claim that are duplicative of Plaintiff's First and Fourteenth Amendment claims are **DISMISSED** without prejudice; only Eighth Amendment claims regarding weight loss and health problems shall proceed.

**IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise **PROCEED** against Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS, S.A. GODINEZ**, **RICK SUTTON**, **TERRI BRYANT**, **CFSS HARRIS**, **CFSS SNYDER** and **CFSS REIMAN**.

**IT IS FURTHER ORDERED** that **COUNT 2**, the First Amendment retaliation claim against Defendants **TERRI BRYANT**, **CFSS HARRIS** and **CFSS SNYDER** is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED AS MOOT**, because Plaintiff has been granted leave to proceed as a pauper, which includes service of summons and he complaint at government expense.

The Clerk of Court shall prepare for Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS, S.A. GODINEZ**, **RICK SUTTON**, **TERRI BRYANT**, **CFSS HARRIS**, **CFSS SNYDER** and **CFSS REIMAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.   If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 8, 2014**

> s/ *Michael J. Reagan*
> **MICHAEL J. REAGAN**
> **UNITED STATES DISTRICT JUDGE**